STATE OF MISSOURI to the use of JOHN McFALL, Respondent, *vs.* PETER P. DAILEY, *et al.*, Appellants.

1. *Bonds, official—Suits—Evidence—Account—Public and private transactions.* —A., the Marshal of St. Louis County, sued B., the Clerk of St. Louis Criminal Court, and his sureties, on his official bond for fees collected by B. as such clerk, belonging to A. A. offered in evidence, a written statement of their accounts, official and private, given to him by B. *Held,* that this statement was admissible in evidence, if the official and individual items could be separated therein, and that the court should instruct the jury to disregard the individual items.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick,* for Appellants.

Exhibit X was inadmissible in evidence, because the account consisted of private and official items without distinguishing which.

*Thos. C. Fletcher,* for Respondent.

Exhibit "X" was a statement of the accounts between the parties, made by defendant's clerk by his directions, and from his books; and with that statement both parties were satisfied, and fully acquiesced in it. It was admissible in evidence, though the jury should have been instructed, if it contained items of a private nature, to exclude them.

WAGNER, Judge, delivered the opinion of the court.

This was an action against the defendant and his sureties on his official bond, as Clerk of the St. Louis Criminal Court. The plaintiff was the County Marshal, and claimed, that the defendant as clerk, had collected fees belonging to him, and failed to pay them over. There was conflicting evidence in relation to the true state of the accounts, and there was some evidence tending to show that the parties had private dealings, and that the private and official matters were intermingled together.

E. J. Drewer was a witness for the plaintiff, and he testified, that he was a clerk for the defendant, and at defendant's request he examined the books and made a statement of the accounts between plaintiff and defendant, and showed it to

the defendant. This statement was marked exhibit X, and showed a balance at the time it was made in favor of the plaintiff. The exhibit included both private and official accounts, and was introduced in evidence by the plaintiff, and formed a very material link in the chain of his testimony. In reference to this testimony the court instructed the jury, that if the account marked exhibit X contained items of a private, as well as of an official nature, then it could not be used in evidence in the case:

The judgment was for the defendant at Special Term, but that judgment was reversed at General Term, and the cause remanded for a new trial. The action of the court in giving the above instruction constitutes the principal ground of alleged error in the case, and is the only question that calls for any attention. Nothing can be plainer, than that, in an action of this character, no items of private indebtedness between the parties would be admissible in evidence. No judgment could be given against the sureties, founded upon an individual obligation. Their undertaking was to be responsible for official, not private acts. But it does not thence follow, that the exhibit was to be totally disregarded. If it contained items, which related to official and individual liabilities, and they were capable of separation, those which pertained to the official acts should have been considered. The exhibit was in evidence, and the court should not have told the jury that it could not be used as evidence in the case, but should have instructed them that if it contained items of a private nature, such items should be excluded.

I think the judgment at General Term was right and should be affirmed. The other Judges concur.